# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30174
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANTONIO RODRIGUEZ-LARA,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CR-124-1

Before KING, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Rodriguez-Lara was convicted of possession with intent to distribute methamphetamine and was sentenced to 75 months of imprisonment and three years of supervised release. He appeals the denial of his motion to suppress the methamphetamine discovered by law enforcement inside luggage located in a commercial bus's exterior luggage compartment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30174

We review the district court's factual findings for clear error and questions of law de novo. *United States v. Ibarra-Sanchez*, 199 F.3d 753, 758 (5th Cir. 1999). We may affirm the district court's ruling on any basis supported by the record and resolve questions of law when the underlying facts are undisputed. *Id.*

Rodriguez-Lara, as a passenger on a commercial bus, had the same Fourth Amendment rights as a passenger in a private vehicle. *See United States v. Portillo-Aguirre*, 311 F.3d 647, 652 (5th Cir. 2002). A passenger without a property or possessory interest in a vehicle has no reasonable expectation of privacy in the vehicle itself. *Rakas v. Illinois*, 439 U.S. 128, 148 (1978). Thus, Rodriguez-Lara lacked standing to challenge the initial search of the bus's exterior luggage compartment. *See id.*; *United States v. Ventura*, 447 F.3d 375, 380 (5th Cir. 2006); *United States v. Kye Soo Lee*, 898 F.2d 1034, 1037-38 (5th Cir. 1990).

The canine officer's subsequent sniff-search of the luggage was not a search within the meaning of the Fourth Amendment, and the canine officer's alert to the possible presence of narcotics in the luggage constituted sufficient probable cause to permit law enforcement to search the luggage. *See United States v. Seals*, 987 F.2d 1102, 1106 (5th Cir. 1993). That probable cause permitted a warrantless search of the luggage pursuant to the automobile exception to the warrant requirement. *See id.* at 1107; *see also California v. Acevedo*, 500 U.S. 565, 580 (1991). The district court did not err in denying Rodriguez-Lara's motion to suppress. *See Ibarra-Sanchez*, 199 F.3d at 758.

The judgment of the district court is AFFIRMED.